IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-339-D-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ERIC BRANCH, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, defendant presented no evidence. At the court's request, the government provided a brief proffer of the evidence supporting its case. For the reasons stated below, the government's motion is GRANTED.

## Background

Defendant was charged in a one-count indictment on 3 October 2013 with distribution of a quantity of crack cocaine on 4 April 2012 in violation of 21 U.S.C. § 841(a)(1). The proffer by the government showed that the charges arise from a controlled purchase of one ounce of crack cocaine from defendant on the alleged offense date. Defendant is presently serving a sentence for several state felony drug convictions (following revocation of probation for these offenses) for which the projected release date is 14 December 2014.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies. The court finds that defendant, having presented no evidence, failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is

no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person or the community before trial.

Alternatively, the court finds that the proffer by the government and the information in the pretrial services report shows by a preponderance of the evidence that there is no condition or combination of conditions that would reasonably assurance the appearance of defendant as required and by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if defendant were released. This alternative finding is based on, among other facts, the drug-related nature of the charges against defendant and his extensive criminal record, including 8 felony convictions for either violent or drug-related offenses, 9 misdemeanor convictions, and probation revocations in 9 cases.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 7th day of January 2013.

_____
James E. Gates
United States Magistrate Judge