IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-339-D
No. 5:15-CV-358-D

| | |
|---|---|
| ERIC BRANCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On July 27, 2015, Eric Branch ("Branch") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 121]. On September 14, 2015, the government moved to dismiss Branch's motion [D.E. 126]. On November 19, 2015, the court denied the government's motion to dismiss and referred Branch's ineffective-assistance claim to Magistrate Judge Gates for an evidentiary hearing and a memorandum and recommendation ("M&R") [D.E. 130]. On December 3, 2015, Magistrate Judge Gates appointed counsel to represent Branch [D.E. 131]. On March 8, 2016, Judge Gates held an evidentiary hearing. See [D.E. 139]. Following the hearing, Branch filed two identical pro se "motion[s] requesting status of courts consideration[,]" in which he cited a portion of the hearing transcript and argued that "the body of evidence should lead this Court to find the existence of the fact that Counsel failed to file the Notice of Appeal as she stated in the record that she would." [D.E. 142] 2; [D.E. 143] 2. On December 14, 2016, Judge Gates denied these two motions as moot [D.E. 144] and issued an M&R [D.E. 145]. In that M&R, Judge Gates recommended that petitioner's section 2255 motion be dismissed. M&R 10. Judge Gates addressed the contention in Branch's pro se motions concerning his trial counsel's initial indication

that she would file an appeal on Branch's behalf. See M&R 7–9.

Neither party objected to the M&R. On March 14, 2017, the court reviewed the M&R, the record, and the briefs, adopted the findings and conclusions in the M&R, and dismissed Branch's section 2255 motion [D.E. 146]. The court also denied a certificate of appealability. Id. On the same date, the clerk entered judgment [D.E. 147]. On September 20, 2017, Branch moved for reconsideration [D.E. 148].

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'" Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (en banc).[1] Under Rule 60(b), a movant first must demonstrate that his motion is timely, that he has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant the relief. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266.

Branch states that he "was never notified nor provided with Judge Gates' R&R by [his appointed counsel] nor served a copy of the same by the clerk of court," and did not learn of the entry of judgment against him until "September 8, 2017, while using the law library's computer at FCI

---

[1] The court does not analyze the motion under Rule 59(e) because it is untimely. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); Aikens, 652 F.3d at 501. Thus, April 11, 2017, was Branch's deadline to file a motion under Rule 59(e). See, e.g., Fed. R. Civ. P. 6(a); Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D. Md. Mar. 13, 2014) (unpublished), aff'd, 584 F. App'x 68 (4th Cir. 2014) (per curiam) (unpublished). The court cannot extend the time for filing the motion. Fed. R. Civ. P. 6(b)(2); see Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001).

2

Butner[.]" Mot. Recons. 2. "Accordingly, in light of counsel... error Mr. Branch humbly requests this Honorable Court rescind its March 14, 2017 judgment and restart the clock from Judge Gates' December 14, 2016's R&R to allow a timely written objection be submitted and a appeal to the 4CCA if warranted." Id.

Branch has failed to establish a meritorious claim or defense. Thus, Branch fails to meet Rule 60(b)'s threshold requirements. To the extent Branch seeks to reopen the time for filing an appeal, he has not presented any argument warranting reconsideration of the court's decision to deny a certificate of appealability. Moreover, any such argument would be futile. Branch had 60 days from the entry of judgment—until May 15, 2017—to appeal. Fed. R. App. P. 4(a)(1)(B); see Panhorst, 241 F.3d at 370. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007); see, e.g., K.C. ex rel. Africa H. v. Shipman, 716 F.3d 107, 118 (4th Cir. 2013); Smith v. Owen, 463 F. App'x 223, 224 (4th Cir. 2012) (per curiam) (unpublished). However, Rule 4(a)(6) allows "[t]he district court [to] reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," but only under limited circumstances. See Fed. R. App. P. 4(a)(6). A district court may reopen the time to file an appeal where the moving party proves that the following conditions are satisfied: (1) the moving party did not receive notice of the entry of judgment or order sought to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (3) no party would be prejudiced. Id.

Rule 77(d) of the Federal Rules of Civil Procedure requires that "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear." Fed. R. Civ. P. 77(d)(1). Here, the clerk complied with

3

Rule 77(d)(1) when he served notice via CM/ECF of the order and judgment on the attorney representing Branch. See Fed. R. Civ. P. 5(b)(1). Branch received the notice to which he was entitled when notice was served on his attorney. See, e.g., Irwin v. Dep't of Veterans' Affairs, 498 U.S. 89, 92 (1990); McKinney v. Waterman Steamship Corp., 925 F.2d 1, 5 (1st Cir. 1991). Thus, the court denies the motion.

In sum, the court DENIES petitioner's motion for reconsideration [D.E. 148], and DENIES a certificate of appealability.

SO ORDERED. This \_1\_ day of December 2017.

JAMES C. DEVER III
Chief United States District Judge