IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-339-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ERIC BRANCH, | ) | |
| | ) | |
| Defendant. | ) | |

On July 29, 2020, Eric Branch ("Branch" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 190]. On February 3, 2021, Branch moved again for compassionate release [D.E. 194]. On March 4, 2021, Branch, through counsel, filed a memorandum and exhibits in support [D.E. 197, 200, 203]. On March 18, 2021, the government responded in opposition and filed an exhibit in support [D.E. 209, 210]. On March 30, 2021, Branch replied [D.E. 213]. As explained below, the court denies Branch's motion.

I.

On October 16, 2013, a jury found Branch guilty of distribution of a quantity of cocaine base (crack) (count one) and distribution of 28 grams or more of cocaine base (crack) (count two). See [D.E. 55, 76, 81, 86]. On June 21, 2014, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 115, 118, 119, 135]. The court calculated Branch's total offense level to be 37, his criminal history category to be VI, and his advisory guideline range to be 360 months' to life imprisonment. See [D.E. 119] 1; [D.E. 135] 6. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced

Branch to 180 months' imprisonment. See [D.E. 118] 2; [D.E. 135] 8–23. On October 16, 2019, Branch appealed [D.E. 178]. On April 29, 2020, the United States Court of Appeals for the Fourth Circuit dismissed Branch's appeal as untimely. See United States v. Branch, 803 F. App'x 714, 715 (4th Cir. 2020) (per curiam) (unpublished); [D.E. 184, 185].

On July 27, 2015, Branch moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 121]. On November 19, 2015, the court denied the government's motion to dismiss [D.E. 126], and referred Branch's ineffective assistance claim to Magistrate Judge James E. Gates. See [D.E. 130]. On January 26, 2016, Judge Gates held an evidentiary hearing. See [D.E. 137, 139]. On December 14, 2016, Judge Gates issued a memorandum and recommendation ("M&R") recommending that the court dismiss Branch's section 2255 motion [D.E. 145]. On March 14, 2017, the court adopted the M&R, dismissed Branch's motion, and denied a certificate of appealability [D.E. 146, 147]. On September 20, 2017, Branch moved for reconsideration [D.E. 148]. On December 1, 2017, the court denied Branch's motion and denied a certificate of appealability [D.E. 149]. On December 5, 2017, Branch appealed the dismissal of his section 2255 motion [D.E. 150]. On December 12, 2017, Branch moved for reconsideration of the court's denial of his motion for reconsideration [D.E. 153]. On April 27, 2018, the Fourth Circuit dismissed Branch's appeal. See United States v. Branch, 721 F. App'x 254, 254 (4th Cir. 2018) (per curiam) (unpublished); [D.E. 156, 157]. On July 10, 2018, the Fourth Circuit denied Branch's motion for rehearing [D.E. 159]. On July 16, 2018, the court denied Branch's motion for reconsideration [D.E. 160]. On December 3, 2018, the Supreme Court of the United States denied Branch's petition for writ of certiorari. See [D.E. 163].

On May 10, 2019, Branch moved again to vacate, set aside, or correct his sentence under section 2255 [D.E. 164]. On October 10, 2019, the government moved to dismiss [D.E. 172] and

2

filed a memorandum in support [D.E. 173]. On October 16, 2019, Branch moved for summary judgment [D.E. 177]. On October 29, 2019, Branch responded in opposition to the government's motion to dismiss [D.E. 182]. On October 30, 2019, the government responded in opposition to Branch's motion for summary judgment [D.E. 183]. On July 31, 2020, the court granted the government's motion to dismiss, dismissed Branch's section 2255 motion without prejudice, dismissed without prejudice Branch's motion for summary judgment, and denied a certificate of appealability [D.E. 191, 192]. On August 11, 2020, Branch moved for reconsideration [D.E. 193].

Because petitioner's section 2255 motion is "successive," and he has not received authorization from the Fourth Circuit to file it, the court lacks jurisdiction to consider it. See, e.g., 28 U.S.C. § 2255(h); Gonzalez v. Crosby, 545 U.S. 524, 528–38 (2005); Richardson v. Thomas, 930 F.3d 587, 595–600 (4th Cir. 2019); Moses v. Joyner, 815 F.3d 163, 167–69 (4th Cir. 2016); United States v. Winestock, 340 F.3d 200, 205–08 (4th Cir. 2003). As such, the court dismisses Branch's motion for reconsideration and denies a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Alternatively, the court denies the motion as meritless.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.  Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

4

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy

---

> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 2021 WL 1823289, at *3; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

In late 2020, Branch submitted a compassionate release request to the Warden, but received no response. See [D.E. 203] 4–5; [D.E. 203-1]. The government has not invoked section 3582's

6

exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Branch's claim on the merits.

Branch seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Branch cites the COVID-19 pandemic, his age (42), his history of colon cancer from 2004, and his use of a colostomy bag, chronic pelvic pain, avascular necrosis, borderline obesity, hypertension, hypothyroidism, abnormal glucose, hypermetropia, acid reflux, uticaria, abdominal pain, vitamin D deficiency, conjunctivitis, and allergies. See [D.E. 190]; [D.E. 194] 2; [D.E. 197]; [D.E. 200]; [D.E. 203] 11–17, Exs. B & C; [D.E. 206] 4–5. Branch also cites the conditions at FCI Butner, his rehabilitation efforts, his release plan, and that he has served over 54% of his sentence. See [D.E. 194]; [D.E. 203] 9–11, 19–21; [D.E. 203-2]; [D.E. 203-3]; [D.E. 203-4]; [D.E. 203-5]; [D.E. 206] 8–10.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Branch states that he suffers from chronic pelvic pain, avascular necrosis, borderline obesity, hypertension, hypothyroidism, abnormal glucose, hypermetropia, acid reflux, uticaria, abdominal pain, vitamin D deficiency, conjunctivitis, and allergies, has a history of colon cancer from 2004, and uses a colostomy bag, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Branch serves his sentence. Moreover, Branch has received at least one dose of the Pfizer BioNTech vaccine, and was scheduled to receive his second dose in late March

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

7

2021. See [D.E. 205] 20–21; [D.E. 205-1]; cf. [D.E. 206] 1–3. Branch argues that the vaccine may not lower his medical risks, but the court rejects his argument as meritless. Cf. [D.E. 206] 1–3. Accordingly, reducing Branch's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Branch's medical conditions, Branch's rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Branch's sentence. See High, 2021 WL 1823289, at *4–7; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Branch is 42 years old and engaged in serious criminal conduct in February 2012. See PSR ¶¶ 4–5. Branch distributed and produced cocaine base (crack), and was accountable for 56.6 grams of crack. See id. Branch is a violent career offender, with convictions for possession of stolen goods or property (five counts), larceny, resisting a public officer, assault with a deadly weapon inflicting serious injury, discharging a weapon into occupied property (four counts), possession of drug paraphernalia (two counts), sell or deliver marijuana, sell or deliver cocaine (two counts), and possession of cocaine. See id. ¶¶ 9–18, 23. Regarding the convictions for assault with a deadly weapon inflicting serious injury and discharging a weapon into occupied property, Branch threatened to kill a group of women riding in a vehicle and shot into the vehicle five times, striking one woman in the head and hand. See id. ¶¶ 11–14. Branch also has a history of violating probation. See id.

8

¶¶ 9–18. Nonetheless, Branch has taken some positive steps while incarcerated. See [D.E. 203] 19–20; [D.E. 203-2]; [D.E. 203-3].

The court has considered Branch's exposure to COVID-19, his vaccination status, his medical conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 2021 WL 1823289, at *4–7; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to vaccinate Branch, the section 3553(a) factors, Branch's arguments, the government's persuasive response, and the need to punish Branch for his serious criminal behavior, to incapacitate Branch, to promote respect for the law, to deter others, and to protect society, the court declines to grant Branch's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 2021 WL 1823289, at *4–7; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Branch's request for home confinement, Branch seeks relief under the CARES Act. See [D.E. 194, 203]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses Branch's request for home confinement.

II.

In sum, the court DENIES Branch's motions for compassionate release [D.E. 190, 194], DISMISSES Branch's request for home confinement, DENIES Branch's motion for reconsideration [D.E. 193], and denies a certificate of appealability.

SO ORDERED. This 20 day of May 2021.

                                             JAMES C. DEVER III
                                             United States District Judge